**BILLY J. WILLIAMS, OSB #901366**
United States Attorney
**ALISON MILNE, OSB #155212**
Assistant United States Attorney
United States Attorney's Office for the District of Oregon
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204-2902
Phone: 503.727.1033
Email: alison.milne@usdoj.gov

      Attorneys for the United States


Elisabeth Holmes (OSB # 120254), *Lead Counsel*
Blue River Law, P.C.
P.O. Box 293
Eugene, Oregon 97440
Tel. (541) 870-7722 (No facsimile)
Email: eli.blueriverlaw@gmail.com

Daniel C. Snyder (OSB # 105127)
Law Offices of Charles M. Tebbutt, P.C.
941 Lawrence Street
Eugene, Oregon 97401
Tel. (541) 344-3505 and Fax (541) 344-3516
Email: dan@tebbuttlaw.com

Nicholas Cady (OSB # 113463)
Cascadia Wildlands
P.O. Box 10455
Eugene, Oregon 97440
Tel. (541) 434-1463 and Fax (541) 434-6494
Email: nick@cascwild.org

      Attorneys for Plaintiff

STIPULATION AND JOINT MOTION FOR ENTRY OF AGREED ORDER SETTING DISCLOSURE SCHEDULE
CASE NO. 6:19-00638-MC        1

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| CASCADIA WILDLANDS, an Oregon non-profit corporation,<br>    Plaintiff,<br><br>vs.<br><br>Office of the Oregon State Director for USDA-APHIS Wildlife Services; ANIMAL AND PLANT HEALTH INSPECTION SERVICE-WILDLIFE SERVICES, an agency of the United States Department of Agriculture; and UNITED STATES DEPARTMENT OF AGRICULTURE, a federal department;<br>    Defendants. | Case No.: 6:19-cv-00638-MC<br><br>**STIPULATION AND JOINT MOTION FOR ENTRY OF AGREED ORDER SETTING DISCLOSURE SCHEDULE** |

WHEREAS, Plaintiff Cascadia Wildlands is asserting claims for declaratory and injunctive relief under the Freedom of Information Act (FOIA) and the Administrative Procedure Act (APA) arising out of the alleged failures in processing and responding to Plaintiff's FOIA request by Defendant Office of the Oregon State Director for USDA-APHIS Wildlife Services, Defendant Animal and Plant Health Inspection Service – Wildlife Services, and Defendant U.S. Department of Agriculture (collectively "Defendants"). In particular, Plaintiff alleges Defendants failed to respond in a timely manner, to provide an estimated completion date, to conduct a reasonably adequate search, to properly apply exemptions, and to provide reasonably segregable non-exempt records. ECF No. 1 at 17-26.

WHEREAS, Plaintiff seeks the documents it requested on April 23, 2018 of the Defendants pursuant to the FOIA, as well as attorneys' fees. ECF No. 1-2 at 2-5 (Exhibit 1).

WHEREAS, Plaintiff served its Complaint (ECF No. 1) and Defendants filed an Answer and Affirmative Defenses (ECF No. 5).

WHEREAS, Defendants deny that they have violated FOIA or the APA, deny that Plaintiff

should receive an award of attorneys' fees or costs, and deny that Plaintiff is entitled to the requested or any other relief. ECF No. 5 at 13.

WHEREAS, this Court has scheduled a telephonic Rule 16 Conference for July 2, 2019 at 11:15 a.m. ECF No. 8.

WHEREAS, the Parties have met and conferred regarding case management and FOIA record production issues, including: Defendants' search for responsive records; Defendants' FOIA record production schedule; Plaintiff's anticipated challenges to Defendants' claimed exemptions; and how the Parties will work to address those challenges.

WHEREAS, as a result of that meet and confer, other than as provided in this Stipulation, the Parties do not anticipate filing any motions or otherwise seeking the assistance of the Court in any way prior to the completion of Defendants' FOIA record productions.

WHEREAS, the Parties seek to minimize the amount of time and resources that the Parties and the Court need to devote to this case pending the completion of Defendants' FOIA record productions.

THEREFORE, Plaintiff Cascadia Wildlands and Defendants hereby stipulate, by and through their counsel of record, to the following terms, and hereby request the Court sign and enter this Stipulation into the docket as a Case Management Order:

1. <u>Request to Vacate the Currently Scheduled Rule 16 Conference.</u>  The Parties have negotiated a proposed schedule for working in good faith to resolve all record production issues in this case. *See* Paragraphs 2-9 infra. If the Court approves this Stipulation, the Parties request that the Court vacate the currently scheduled July 2, 2019 Rule 16 Conference. The Parties agree that if any issue arises in this case that cannot be resolved by the Parties, then either Party may seek a Case Management Conference with the Court, or seek assistance from a Magistrate Judge.

2. <u>FOIA Record Productions.</u>
    a. The Defendants have agreed to produce records responsive to Plaintiff's FOIA request, with productions occurring on a rolling basis every thirty (30) days. Defendants agree to release at least 1,500 pages in each production. The first

production date shall be on or before July 29, 2019, with subsequent productions made on or before August 28, 2019; September 27, 2019; October 28, 2019; November 27, 2019; December 27, 2019; and their final production on or before January 29, 2020. Defendants agree that barring any unforeseen circumstance that directly and materially affects the Defendants' staff working on Plaintiff's FOIA, all responsive documents shall be produced no later than January 29, 2020. If such an unforeseen circumstance occurs and Defendants seek to modify the January 29, 2020 record production completion date, the Parties shall meet and confer to try to agree on whether a new completion date must be set, and what that date would be.

  b. If the Defendants do not meet a production date, or seek to extend the final completion date, the Parties shall meet and confer to attempt to reach an agreement as to whether a production or the final completion date may be extended. If they cannot agree, either Party may seek a Case Management Conference with the Court, or seek assistance from a Magistrate Judge.

3. <u>Interim Review of Claimed Exemptions.</u>  Notwithstanding the process described in Paragraphs 4-8 *infra*, nothing shall in any way limit the Parties from engaging in good faith to resolve disputes concerning exemptions and redactions as they arise during the record production phase of this case. In so doing, Plaintiffs do not waive any arguments they may raise as part of the Challenge List process described herein, or to the Court.

4. <u>Challenge List.</u>  Within 90 days after Defendants have completed their final production, Plaintiff shall provide Defendants with a "Challenge List," which shall list records that Plaintiff believes Defendants have improperly redacted, withheld, or failed to provide, as detailed below. The "Challenge List" is further described in the following paragraphs.

5. <u>Redacted Records (in full and in part).</u>

  a. Defendants' productions will contain full and/or partial redactions of material that Defendants claim is exempt from release under FOIA.

  b. Within 90 days after Defendants have completed their final production, Plaintiff shall

          provide Defendants with a list of the redacted records Plaintiff believes are inappropriate and/or unsupported redactions as part of the Challenge List.

6. <u>Fully Withheld Records.</u>

   a. Defendants' FOIA record productions may include withheld records in full (meaning a document not provided to Plaintiff, as opposed to a document that is fully redacted) that Defendants claim are exempt from release under FOIA.

   b. Each of Defendants' FOIA record productions will cite with specificity any and all applicable exemptions that Defendants rely upon when partially or fully withholding records from production so that Plaintiff has reasonable information with which to assess the merits of the exemption claimed.

   c. Within 90 days after Defendants have completed their final production, Plaintiff shall provide Defendants with a list of any challenges to Defendants' fully withheld records as part of the Challenge List.

7. <u>Reasonably Adequate Search.</u>

   a. Plaintiff alleges that Defendants have failed to conduct a reasonably adequate search for responsive records. ECF No. 1 at 21-25.

   b. Within 90 days after Defendants have completed their final production, Plaintiff shall notify Defendants of records, or categories of records, it believes have not been produced and which are responsive to Plaintiff's FOIA request in its Challenge List.

8. <u>Plaintiff's Challenge List.</u>

   a. Within 45 days of receiving Plaintiff's Challenge List, the parties agree to meet and confer and attempt in good faith to resolve any disputes regarding records that are partially or fully withheld. As part of this meet and confer process, Plaintiff may request, and if requested Defendants agree to promptly provide, reasonable information to justify any exemptions or withholdings claimed. The Parties agree to a default 45-day period to complete the meet and confer process, but agree to meet and confer to determine if more time is reasonable or appropriate. If they cannot agree,

STIPULATION AND JOINT MOTION FOR ENTRY OF AGREED ORDER SETTING DISCLOSURE SCHEDULE
CASE NO. 6:19-00638-MC          5

either Party may seek a Case Management Conference with the Court, or seek assistance from a Magistrate Judge.

b. Records that Defendants agree to produce as a result of the meet and confer process shall be produced to Plaintiff within 30 days of the last meet and confer.

9. <u>Court Assistance.</u> If, at the conclusion of the Challenge List and meet and confer process describe above, there remains a disagreement about the application of any disclosure exemptions to specific records, then either Party may request a conference with the Court about how to proceed. Nothing herein waives either Party's rights to seek Court assistance, including but not limited to moving for summary judgment, or seeking the assistance of a Magistrate Judge. Within 21 days after the conclusion of the meet and confer process, the Parties shall file a stipulation or request a status conference regarding the record disclosures. **IT IS SO STIPULATED**.

Respectfully submitted,

DATED: June 28, 2019    By: */s/ Elisabeth A. Holmes*
Elisabeth A. Holmes (OSB # 120254), *Lead Counsel*
Blue River Law, P.C.
P.O. Box 293
Eugene, Oregon 97440
Tel. (541) 870-7722 (No facsimile)
Email: eli.blueriverlaw@gmail.com
Of Attorneys for Plaintiff

*As the ECF User whose identification and password are being used to file this Stipulation, I attest under penalty of perjury that plaintiff's counsel has concurred in the filing of this document.*

DATED: June 28, 2019    Respectfully submitted,

BILLY J. WILLIAMS
United States Attorney

*/s/ Alison Milne*
Alison Milne
Assistant United States Attorney
Of Attorneys for Defendants

STIPULATION AND JOINT MOTION FOR ENTRY OF AGREED ORDER SETTING DISCLOSURE SCHEDULE
CASE NO. 6:19-00638-MC                6

# [PROPOSED] ORDER

GOOD CAUSE APPEARING, AND PURSUANT TO THE STIPULATION OF THE PARTIES, IT IS HEREBY ORDERED that the Stipulation on Case Management and FOIA Record Releases be entered as an Order of this Court.

DATED: _____

                                                        Hon. Michael J. McShane
                                                        United States District Court Judge